UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CASE NO. _____
**ELECTRONICALLY FILED**

**VANDERBILT MORTGAGE AND
FINANCE, INC.**                                                                    **PLAINTIFF**

-vs-

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT**

---

NOTICE OF REMOVAL

---

Comes now the Defendant, State Farm Fire and Casualty Insurance Company (hereinafter, "State Farm"), by and through counsel, and for its Notice of Removal herein, states as follows:

1. That this Defendant hereby exercises its rights under the provisions of 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 of the United States Code to remove this action from the Circuit Court of Pike County, Kentucky in which such action is now pending.

2. That the Plaintiff filed this civil action in Pike Circuit Court, Commonwealth of Kentucky, styled <u>Vanderbilt Mortgage and Finance, Inc. v. State Farm Fire and Casualty Insurance Company</u>, Civil Action No. 22-CI-01032, on December 19, 2022, alleging that the Plaintiff is entitled to recover benefits under a policy of insurance issued by this Defendant, for a fire loss that occurred on or about January 13, 2022 at property located at 2860 North Big Creek, Belfry, Pike County, Kentucky.  The Plaintiff's Complaint alleges that the Plaintiff is a lienholder with respect to the subject policy in which names the Plaintiff as a mortgagee to the

subject policy of insurance.[1]  In addition to the claims for contractual benefits, the Plaintiff's Complaint also seeks statutory interest for alleged delay in payment under K.R.S. 304.12-235.[2]

3. This notice of removal is timely filed under 28 U.S.C § 1446, having been filed less than one year from the date of the commencement of the action and within (30) days of acceptance of service of the service of the Plaintiff's Complaint on December 21, 2022, which Complaint provides the amount of damages which satisfied this Court's jurisdictional amount, rendering the case removable.

4. That based on information and belief, the Plaintiff, Vanderbilt Mortgage and Finance, Inc., is a Tennessee corporation, with its domicile also in the State of Tennessee where it maintains its principal offices.[3]

5. That the Defendant, State Farm is currently, and was at the commencement of this action, a mutual insurance company incorporated and organized under the laws of the state of Illinois, where it maintains its principal place of business.  It is therefore considered a domiciliary of the State of Illinois pursuant to 28 U.S.C § 1332 (c).

6. That there is complete diversity of citizenship between the Plaintiff and Defendant.

7. That under 28 U.S.C. § 1332(a), a federal court has original diversity jurisdiction over a matter where the suit is between citizens of difference states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] *See* attached record of Pike Circuit Court, attached hereto as **Exhibit A**; *See* Plaintiff's Complaint, Count I, ¶ 3, attached hereto as **Exhibit B**.
[2] *See* Plaintiff's Complaint, ¶ 7, attached hereto as **Exhibit B**
[3] *Id*. at Count I, ¶ 1, attached hereto as **Exhibit B**.

8. That the subject policy (subject to its terms and conditions) provides limits which included the following: Coverage A (Dwelling) in the amount of $202,000 and Dwelling Extension up to $20,000.[4]

9. Under Federal law, in calculating whether the amount in controversy satisfies the Court's jurisdictional threshold of $75,000, the Court will aggregate all claims of Plaintiffs against the Defendant.[5] The subject litigation stems from property damage suffered by Plaintiff due to a fire occurring on January 13, 2022.[6] Plaintiff alleges that on January 21, 2019, the Burlingames borrowed $87,105.71 from the Plaintiff and gave a note, security agreement and mortgage to the Plaintiff in order to secure the loan.[7] On the date of the fire loss, January 13, 2022, Plaintiff alleges that the Burlingames owed the Plaintiff the sum of $93,061.34, with a payoff, as of December 9, 2022, totaling $101,085.78.[8]  In addition to claims for these contractual amounts, Plaintiff also seeks to recover statutory interest of 12%, pursuant to K.R.S. 304.12-235.  By applying the claimed statutory interest to the mortgage payoff of $101,085.78, this would equal approximately $12,130.29, through February 13, 2023, and $12,130.29 per year

---

[4] *See Id*. at ¶ 7; *See* State Farm Manufactured Home Policy, Policy # 17-EH-S176-6, attached hereto as **Exhibit C**.
[5] Federal Courts have aggregated claims against multiple defendants when then claims against Defendants have a common origin. See Fechheimer Bors. Co. v. Barnwasser, 146 F.2d 974, 977 (6th Cir. 1945) ("It is a settled general rule that, in a suit based on diversity of citizenship brought against several defendants on separate and distinct claims depending for their validity upon common origin").  See also Church Joint Venture v. Blasingame, Case No. 12-2999, 2013 U.S. Dist. LEXIS 197687, at *4 (W.D. Tn. Sept. 27, 2013) ("A court may aggregate a plaintiff's claims for purposes of determining the amount in controversy 'if multiple defendants jointly harm a common plaintiff…'")(citing Hayfield v. Home Depot U.S.A., Inc., 168 F.Supp.2d 436, 447 (E.D. Pa. 2001)); C.D. Peacock v. Meiman Marcus Group, Civil Action No. 97-5713, 1998 U.S. Dist. LEXIS 2945 at fn. 2 (E.D. Pa. Mar. 12, 1998) ("A single plaintiff's claims against more than on defendant are aggregated to determine the jurisdictional amount in controversy only if the claims are so 'integrated' and 'tied together by combination or conspiracy, as to make the relief single'".) (citing Cottman Transmission v. Metro Distrib., 796 F. Supp. 838, 841 (E.D. Pa. 1992), vacated on other grounds, 36 F.3d 291 (3rd Cir. 1994)).
[6] The companion case styled Christy Burlingame, et al., v. State Farm Fire and Casualty Company, et al., Civil Action No. 7:22-CV-00123-REW-EBA, United States District Court, Eastern District of Kentucky, Pikeville Division has already been removed to Federal Court.
[7] *See* Plaintiff's Complaint, ¶ 4 attached hereto as **Exhibit B**.
[8] *See* Plaintiff's Complaint, ¶ 8 attached hereto as **Exhibit B**.

thereafter.[9] In using the mortgage payoff of $101,085.78, plus approximately $12,130.29 of accrued interest, with future interest continuing to accrue, it is clear that the amount in controversy in the Plaintiff's Complaint, more likely than not, exceeds $75,000.[10]

10. That under 28 U.S.C. §§ 1441, 1446, a Defendant may remove an action filed in state court to federal court provided that it could have initially been brought in federal court. That under the foregoing provisions of the United States Code, this Court has original diversity jurisdiction over this matter as diversity of citizenship exists and the amount in controversy, more likely than not, exceeds $75,000.

11. That pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Kentucky, at Pikeville, as the district and division embracing the Court where Civil Action No. 22-CI-01032, <u>Vanderbilt Mortgage and Finance, Inc. v. State Farm Fire and Casualty Insurance Company</u>, is pending, Pike Circuit Court, Pikeville, Kentucky.

12. That the Defendant, State Farm, does hereby remove this cause of action from the Circuit Court of Pike County, Kentucky to the United States District Court of the Eastern District of Kentucky, at Pikeville.

13. That written notice of the filing of this Notice of Removal has this day been given to all parties to the action as required by law and a true copy of this Notice of Removal has this day been mailed to the Clerk of the Circuit Court of Pike County, as required by law.

---

[9] In calculating the amount in controversy, Courts of the Sixth Circuit have permitted prospective damages to be considered in calculating the amount in controversy for jurisdiction purposes. See <u>White v. Loomis Armored US, Inc.</u>, 729 F. Supp. 2d 897, 902 (E.D. Mich. 2010); <u>Sleiman v. Nat'l. Cas. Ins.</u>, Case No. 11-10694, 2011 WL 2160271 (E.D. Mich. June 1, 2011).

[10] <u>Hackner v. Aetna Life Ins. Co.</u>, No. 6:18-CV-334-REW-HAI, 2019 U.S. Dist. LEXIS 23937 at *3-4 (E.D. Ky. Feb 13, 2019) ("To measure the amount in controversy based on claims for unspecified sum of attorney fees, punitive damages, and emotional/pain-and-suffering damages, courts permit removing parties to rely, for estimation purposes, on reasonable multipliers/percentages.").

WHEREFORE, the Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of the action. The Defendant further prays that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instated in this Court.

        Respectfully submitted,

        *s/Darrin W. Banks*
        Darrin W. Banks
        Attorney for: State Farm Fire and Casualty Insurance Company
        PORTER, BANKS, BALDWIN & SHAW, PLLC
        327 Main St., P.O. Drawer 1767
        Paintsville, Kentucky 41240
        606-789-3747
        606-314-0417
        dbanks@psbb-law.com

**CERTIFICATE OF SERVICE**

On January 6, 2023, I mailed and electronically filed this document through the ECF system, which will send notice of electronic filing to:

Hon. William Kirkland
P.O. Box 1100
Frankfort, KY 40602
kirkland@kchfirm.com
*Counsel for Plaintiff*

        *s/Darrin W. Banks*
        Darrin W. Banks
        Attorney for: State Farm Fire and Casualty Insurance Company
        PORTER, BANKS, BALDWIN & SHAW, PLLC
        327 Main St., P.O. Drawer 1767
        Paintsville, Kentucky 41240
        606-789-3747
        606-314-0417
        dbanks@psbb-law.com